SUMMARY ORDER

Petitioner Abdourahamane Dia, a native and citizen of Guinea, seeks review of the November 5, 2008 order of the BIA affirming the July 9, 2007 decision of the Immigration Judge (“IJ”) Paul A. Defonzo, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Abdourahamane Dia, No. A098 690 617 (B.I.A. Nov. 5, 2008), aff'g No. A098 690 617 (Immig. Ct. N.Y. City July 9, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both decisions — or, more precisely, the we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency’s adverse credibility finding is supported by substantial evidence. Here, as the IJ found, Dia gave inconsistent testimony concerning: (1) his political support for the Union for Progress and Renewal (“UPR”), a Guinean opposition party; (2) whether his father was arrested and detained (or merely warned) after an incident in 2002, in which Dia was suspended from school; (3) the length of time after the death of a national UPR leader that Dia wore a shirt depicting the leader to school, resulting in his suspension; and (4) the length of Dia’s detention following his arrest in 2004. Moreover, the IJ correctly noted that, although Dia claimed he was persecuted at school for his political support of the UPR, his father affirmed in a sworn statement that it was his own political activities that precipitated Dia’s arrest.
Dia does not dispute these inconsistencies in the record; rather, he argues that they are minor and tangential to his claims. This argument is unavailing. Although inconsistencies need not be fatal if they are minor and isolated, and the applicant’s testimony is otherwise consistent, rational, and believable, see Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000), such inconsistencies may nonetheless support an adverse credibility finding if their “cumulative effect ... [is] deemed consequential by the fact-finder,” Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Here, even assuming, arguendo, that the above inconsistencies were minor, the agency reasonably relied on their cumulative effect in finding Dia not credible. See id. Given the numerous discrepancies between Dia’s testimony and his written statement and supporting documents, substantial evidence supports the agency’s adverse credibility determination. See Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-07 (2d Cir.2006) (recognizing that an IJ can “rely *713 on the cumulative impact of [an applicant’s] inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence”).
Therefore, the agency did not err in denying Dia’s applications for asylum, withholding of removal, and CAT relief where all three claims were based upon the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).